**Kanda Anna DIANZINGA, Petitioner,**

v.

**Alberto R. GONZALES,[1] Attorney General of the United States, Respondent.**

No. 03–4619.

United States Court of Appeals, Second Circuit.

Feb. 3, 2006.

Stanley H. Wallenstein, New York, New York, for Petitioner.

Brandon D. Fox, Assistant United States Attorney (Patrick J. Fitzgerald, United States Attorney, James P. Fleissner, Carole J. Ryczek, Assistant United States Attorneys, on the brief), Northern District of Illinois, Chicago, Illinois, for Respondent.

PRESENT: Hon. PIERRE N. LEVAL, Hon. SONIA SOTOMAYOR, Circuit Judges, and Hon. MARK R. KRAVITZ, District Judge.*

**SUMMARY ORDER**

UPON DUE CONSIDERATION, it is hereby ORDERED, ADJUDGED AND

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft.

* The Honorable Mark R. Kravitz, United States District Judge for the District of Connecticut, sitting by designation.

DECREED that the petition for review of the order of the Board of Immigration Appeals ("BIA") is DENIED.

Petitioner Kanda Anna Dianzinga, a native and citizen of the Democratic Republic of Congo (formerly Zaire), petitions for review of a February 27, 2003 order of the BIA summarily affirming a June 12, 1998 order by an Immigration Judge ("IJ") granting withholding of removal and voluntary departure, but denying asylum. We assume the parties' familiarity with the facts of the case, its procedural history, and the issues on appeal.

This Court reviews denial of asylum to applicants who have demonstrated eligibility under an abuse of discretion standard, reversing only where the decision is "manifestly contrary to the law and an abuse of discretion." 8 U.S.C. § 1252(b)(4)(D); *see Osorio v. INS*, 18 F.3d 1017, 1023 (2d Cir.1994). An abuse of discretion occurs when the "the Board's decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements." *Ke Zhen Zhao v. United States Dep't of Justice*, 265 F.3d 83, 93 (2d Cir.2001) (citations omitted). Where the Board summarily affirms the IJ, this Court reviews the IJ's opinion directly. *Poradisova v. Gonzales*, 420 F.3d 70, 78 (2d Cir.2005). We uphold factual findings "so long as they are supported by substantial evidence." *Id.* at 77 (internal quotation marks omitted).

After weighing favorable and unfavorable factors in consideration of Dianzinga's application, the IJ declined "favorably [to] exercise the Attorney General's discretion" under 8 U.S.C. § 1158.[2] The IJ found Dianzinga's relationship to former President Mobutu Sese Seko's repressive regime to be a significant factor militating against the favorable exercise of discretion. In particular, she noted Dianzinga's membership in Mobutu's political party, her attendance and displays of support for Mobutu at two public appearances, her marriage to a high ranking officer in Mobutu's "special private army," her awareness of her husband's likely participation in human rights abuses, her testimony that she admired Mobutu, and the benefits that she and her husband received from the prestige and position that they held in society as a result of their relationship with Mobutu's repressive regime. Dianzinga argues that the IJ's factual findings are not supported by substantial evidence, but these findings were amply supported by Dianzinga's own testimony and by human rights reports in the record.

Dianzinga also argues that the IJ's discretionary denial of asylum departed from established policies by relying on factors not previously sanctioned or enumerated in BIA case law, federal regulations, or the Immigration and Nationality Act ("INA").[3]

---

**2.** *See* 8 C.F.R. § 208.14 ("Unless otherwise prohibited in § 208.13(c), an immigration judge may grant or deny asylum in the exercise of discretion to an applicant who qualifies as a refugee under section 101(a)(42) of the Act."). Section 208.13(c) ("Mandatory denials") concerns, *inter alia*, the denial of asylum for past persecutors, aliens convicted of serious crimes, and other dangerous aliens, as well as those who may safely be removed to third countries, and was not invoked by the IJ here.

**3.** The IJ did not conduct a past persecutor analysis under INA § 208(b)(2)(A)(i), 8 U.S.C. § 1158(b)(2)(A)(i), or invoke that bar to deny Dianzinga's request. The IJ's use of the word "collaborator" was a characterization of Dianzinga's conduct for purposes of the discretionary analysis, not an invocation of the past persecutor bar. The BIA has noted that "[f]actors which fall short of the grounds of mandatory denial may constitute discretionary considerations." *In re H—*, 21 I. & N. Dec. at 347.

An "applicant for asylum has the burden of establishing that the favorable exercise of discretion is warranted." *In re H—*, 21 I. & N. Dec. 337, 347, 1996 WL 291910 (BIA 1996) (internal citations omitted). In considering whether discretion should be favorably exercised, the BIA "has considered it appropriate to examine the totality of the circumstances." *Id.* Nothing in the INA, relevant regulations or BIA case law precludes consideration of the factors that the IJ considered. Thus, the IJ's decision to deny asylum to Dianzinga on the basis of a factor not previously enumerated did not depart from established policy and was not "manifestly contrary to law and an abuse of discretion."

For the foregoing reasons, the petition for review is DENIED.